Filed 7/11/14  P. v. Durbin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049576 |
| v. | (Super. Ct. No. 11WF0387) |
| MICHAEL CLAIRE DURBIN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

\*          \*          \*

Michael Claire Durbin pleaded guilty to possessing methamphetamine for sale (Health & Saf. Code, § 11378) and transportation of methamphetamine (Health & Saf. Code, § 11379), and admitted suffering a prior conviction within the meaning of Penal Code section 667.5, subdivision (b) (667.5(b)). Durbin's appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts of the case, the procedural history, and possible legal issues with citations to the record and appropriate authority, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable issues. Counsel did not argue against her client or assert the appeal was frivolous.

Counsel submitted a declaration stating she had reviewed the case, she advised Durbin of the nature of the brief, she sent Durbin a copy of the brief and the appellate record, and informed him he could file a brief on his own behalf. Counsel did not seek to withdraw, but she advised Durbin he could move to have counsel relieved.

Finally, counsel advised this court of possible issues, including whether Durbin validly waived his right to appeal as part of the plea bargain, whether the court abused its discretion in denying Durbin's request for a certificate of probable cause, whether his plea was constitutionally valid, whether probation conditions requiring payment of various fees, fines and assessments were proper, and whether trial counsel performed ineffectively. We gave Durbin 30 days to file a supplemental brief. He did not avail himself of the opportunity.

FACTS AND PROCEDURAL BACKGROUND

In March 2011, the Orange County District Attorney filed a first amended complaint charging Durbin with felony possession for sale of methamphetamine, misdemeanor use of methamphetamine, and misdemeanor possession of drug

2

paraphernalia on January 2, 2011. The complaint also alleged Durbin suffered a prior conviction for burglary in June 2007 and served time in prison within the meaning of section 667.5(b).

In May 2012, Durbin moved to suppress evidence (Pen. Code, § 1538.5) asserting Huntington Beach police officers illegally detained him and searched his briefcase during a traffic stop. At a combined preliminary hearing and suppression hearing, Officer Timothy Emanuel testified that around 10:00 p.m. on January 2, 2011, he stopped a car driven by Jill Coulon for traffic violations. Durbin, the front seat passenger, appeared to be under the influence of a central nervous system stimulant. Emanuel ordered Durbin out of the car. Coulon stated everything in the car was hers, and authorized a search of the vehicle because she had "nothing to hide." Durbin initially denied having any personal property in the vehicle. Emanuel found a black cloth briefcase on the rear seat behind Durbin's seat and felt a drug pipe in a side pouch. Durbin stated, "'Oh, that's my briefcase,'" and asked the officer not search it. Durbin admitted he had used methamphetamine five or six hours earlier, and had a small amount of the drug in the briefcase. The officer arrested Durbin and placed him in the patrol car. The officer asked Durbin if he was willing to admit possessing drugs, why he did not want him to search the briefcase. Durbin responded, "'Well, I'd prefer that you didn't but I guess you can now.'" The officer searched the briefcase and found a black pouch containing five individually-wrapped baggies of methamphetamine with a total weight of 4.8 grams, a digital scale, a calculator, and approximately 10 unused baggies. Emanuel opined the drugs were possessed for sale. The court denied the suppression motion and found probable cause to believe Durbin committed the offenses.

In June 2012, the prosecution filed an information charging Durbin with possessing methamphetamine for sale and the section 667.5(b) enhancement. In September 2012, the prosecution filed an amended information adding a count for transportation of methamphetamine.

In October 2012, Durbin moved for discovery of Emanuel's personnel records. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531; Evid. Code, § 1043 et seq.; Pen. Code, §§ 832.5, 832.7, 832.8.) At a hearing on October 26, 2012, the trial court reviewed Emanuel's personnel file with the department's custodian of records and ordered the disclosure of one complainant's identifying information.

On October 7, 2013, Durbin executed documents waiving his rights and pleading guilty on the understanding the court would place him on probation for three years on various terms and conditions, including a 180-day jail term. He provided the following factual basis for the plea: "In Orange County, California, on January 2, 2011, I unlawfully possessed for the purposes of sale and unlawfully transported a useable quantity of methamphetamine, a controlled substance." Durbin expressly waived his "right to appeal from decisions and orders of the Superior Court. I waive and give up my right to appeal from any and all decisions and orders made in my case, including motions to suppress evidence brought pursuant to Penal Code section 1538.5. I waive and give up my right to appeal from my guilty plea. I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement."

At a hearing on October 7, Durbin stated he had read, signed, and initialed the guilty plea form after discussing with his attorney the charges, facts of the case, possible defenses, and consequences of pleading guilty. The court advised Durbin on the

4

record concerning rights he was waiving, including the rights to a speedy and public jury trial, to proof beyond a reasonable doubt, to a unanimous verdict, to confront and cross-examine witnesses, to present evidence on his own behalf, and to testify or remain silent. The court also advised him concerning his right to counsel and the potential immigration consequences of his plea. Durbin waived his rights and pleaded guilty to the charges and admitted the section 667.5(b) enhancement. Counsel joined in the waivers and plea.

On December 19, 2013, the court imposed probation on the agreed-upon terms and conditions, including the possibility of home confinement in lieu of jail. At the hearing, Durbin asked the court whether he faced a jail term if he did not qualify for home confinement, and "how long" a term he had "hanging over [his] head if" he violated probation. The court advised him he faced a 180-day jail term, and five years if he violated probation. Durbin stated he would "like to retract my plea." The court responded "Nope. No legal cause before me for you to withdraw your plea, sir."

Durbin filed a notice of appeal challenging the validity of the plea or admission and sought a certificate of probable cause. He asserted counsel misled him he would receive no jail time. The court denied the request for a certificate of probable cause, and deemed the notice of appeal inoperative. Durbin filed a second notice of appeal "based on the sentence or other matters occurring after the plea."

DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. Durbin has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106 [appellate court must address issues raised personally by appellant in a *Wende*

5

proceeding]), nor has he requested to have appellate counsel relieved.  Consequently, we affirm the judgment.  (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.